UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

FRANK J. MARTONE, P.C.
Christian Del Toro, Esq.
1455 Broad Street
Bloomfield, NJ 07003
(973) 473-3000
Attorney for Creditor/Servicing Agent

PNC BANK, NATIONAL ASSOCIATION
36.4950

In re:

MABLE DORIS BLACKMON

Case No. 18-13725

Judge: Rosemary Gambardella

Chapter 13

**RESPONSE TO MOTION OBJECTING TO PROOF OF CLAIM BY PNC BANK, N.A.**
**HEARING DATE: June 19, 2019 10:00 AM**

On behalf of PNC BANK, N.A., Secured Creditor of a mortgage on debtor(s)' property, 33 Lake Road, Morristown, New Jersey 07960, FRANK J. MARTONE, P.C., hereby provides their Response to the Motion Objecting to the Amended Proof of Claim Filed by PNC Bank N.A.:

1. Secured Creditor holds a valid second mortgage and Home Equity Line of Credit Note dated February 16, 2000.

2. On June 22, 2018, Secured Creditor filed a Proof of Claim with a total claim amount of $19,403.40 and no arrears due.

3. On May 8, 2012 Secured Creditor issued payment in the amount of $36,584.22 for delinquent taxes owed to the Town of Morristown. On May 14, 2012, Secured Creditor issued payment in the amount of $1,268.10 for further delinquent taxes owed to the Town of Morristown. On June 23, 2017, Secured Creditor issued a third payment for delinquent taxes in the amount of $47,861.82. Annexed hereto as Exhibit A is the proof of payment of taxes.

4. On February 27, 2018, the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

5. In the Chapter 13 Petition filed by the Debtor under Schedule D and Form 107 of the Statement of Financial Affairs the Debtor acknowledges an amount owed in the amount of

$105,140.32 to PNC Bank for the second mortgage Line of Credit. Annexed hereto as Exhibit B are pages 17 and 30 of the Debtor's Petition.

6.    Secured Creditor's Commercial Loan Servicing division inadvertently did not include the paid taxes and filed an amended proof of claim in the amount of $105,117.54 on March 25, 2019. The Amended Proof of Claim includes the $85,714.14 paid by Secured Creditor for the delinquent real estate taxes.

7.    The Debtor filed the current objection to the proof of claim and argues the Amended Proof of Claim should be extinguished under the test in *In re G-1 Holdings, Inc.,* 514 B.R. 720, 760 (Bankr. D.N.J. 2014). The Court in that matter states that "changes (to a Proof of Claim) after the milestone of confirmation of the plan should only be allowed for compelling reasons." Id. at 760.

8.    The analysis does not end there. The Court should further consider whether the Secured Creditor is not seeking to amend the claim but rather is asserting a new claim. *Id.* at 761. The Court must scrutinize the Amended Proof of Claim under the "excusable neglect" standard for filing a late claim pursuant to Rule 9006(b)(1) as articulated by the Supreme Court in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Id. At 761. The following factors to be considered are:
    a. the danger of Prejudice to the Debtor;
    b. the length of delay;
    c. its potential impact on judicial proceedings;
    d. the reason for the delay (including whether it was within the reasonable control of movant;
    e. and if the movant acted in good faith. *Id.* at 761.

9.    Secured Creditor's claim is not a new claim. The Debtor's filing fails to acknowledge that the amended Proof of Claim was for pre-petition taxes for a significant amount which is a very compelling reason to allow the amended claim. Due to an internal error in referring the Proof of Claim in a timely manner, Secured Creditor filed a late claim on June 22, 2018 and the proof of claim was due May 8, 2019. The Secured Creditor filed a claim with zero arrears at the time. As soon as the Secured Creditor found they inadvertently failed to include the paid pre-petition taxes the Amended Proof of Claim was referred to local counsel for filing. It is worth noting this loan did not have an escrow portion at origination. However, to protect their security interest under the Mortgage and Note, the Secured Creditor's tax department issued payments to prevent a lien that would be superior to their own. This also provides a valid reason why their Consumer Loan group would have overlooked taxes in the original filing as the loan was not originally escrowed.

10.    Even if the Court found the claim was a new claim and subjected Secured Creditor's claim to the *Pioneer* test the Debtor's motion should still be denied. There would be no danger of prejudice. As explained earlier, the Debtor was aware of the taxes that were paid by the Secured Creditor. This was acknowledged in the Debtor's own petition with a figure for the total claim very similar to the Amended Proof of Claim. If the Debtor's plan is

unfeasible due to the Amended Claim, then it is arguable that the plan was never feasible as again the Debtor was aware of the taxes paid on their behalf.

11. As to the length of the delay and impact on judicial proceedings, the Amended Proof of Claim was filed only four months after the confirmation of the plan. There is plenty of time left in the Chapter 13 bankruptcy to allow for payment of my client's claim or reach another settlement with the Secured Creditor to allow the Debtor to continue the Chapter 13 case. Again the Debtor should have been prepared to pay the claim of the Creditor as they were aware of claim amount in their Petition.

12. The reason for the delay comes from my client's error in timely referring the matter to counsel and the Consumer Loan group discovering that their tax department issued payments for delinquent taxes. The filing was not done in bad faith, rather the filing was to allow the Secured Creditor to claim an amount that they paid on Debtor's behalf to protect the creditor's security. These errors pale in comparison to a Debtor who was aware of due taxes; did not pay them in violation of their security agreement and then expects to be able to not pay the amount paid on their behalf. The bad faith is on the behalf of a Debtor who is now trying to use bar dates and technicalities to escape their obligations to Secured Creditor.

13. Further distinguishing the Secured Creditor from the creditor in the case cited by the Debtor is that the Court in *G-1 Holdings Inc.* found that the amendment to the claim was a new request for relief because it expands vastly the proof of claim's demand for payment of money damages based on causes of action not related to the bankruptcy. *Id.* at 761. In this case, as previously mentioned, the Debtor was aware of the owed taxes; did not pay them; allowed Secured Creditor to make the payments in 2012 and 2017 and is now expecting the Court to disallow the claim.

14. It is for the foregoing reasons that attorney for the Secured Creditor respectfully objects to the Confirmation of the debtor's Chapter 13.

I hereby certify that the foregoing statements made by me are true and correct to the best of my knowledge, information and belief. I am aware that if any of the forgoing statements made by me are willfully false I am subject to punishment.

By: ______________________________
Christian Del Toro
A Member of the Firm

Dated: May 28, 2019

# EXHIBIT A

PNC BANK
OFFICIAL CHECK

PNC Bank, National Association
2730 Liberty Avenue
Pittsburgh, PA 15222

No. 2402752
DATE: 05/08/2012

8-9/430

- Delq Tax
7958

Pay thirty six thousand five hundred eighty four dollars and twenty two cents $36,584.22

To The Order Of
Town of Morristown
200 South St
Morristown, NJ 07963

3003-20

Authorized Signature

99123

WELLS FARGO >091000019<

The-Town-of-Morristown
FOR DEPOSIT ONLY

ENDORSE HERE

PITT3UP (7/09)

LOT 07

| | |
|---|---|
| **Posting Date** | 2012 May 14 |
| **Account Number** | |
| **Dollar Amount** | $ 36,584.22 |
| **Check/Serial Number** | |
| **Routing Transit Number** | |
| **Posting Sequence Number** | |
| **Paper Sequence Number** | |
| **Capture Bank Number** | 1 |



PNC BANK
OFFICIAL CHECK

PNC Bank, National Association
2730 Liberty Avenue
Pittsburgh, PA 15222

No. 2405068
DATE: 05/14/2012

- Delq Tax
7958

8-9/430

Pay one thousand two hundred sixty eight dollars and ten cents $1,268.10

To The Order Of
Town of Morristown
Block 3003 Lot 20
200 South St
Morristown, NJ 07963

Authorized Signature

99355

WELLS FARGO

ENDORSE HERE
X
The Town of Morristown
FOR DEPOSIT ONLY
Account

| | |
|---|---|
| **Posting Date** | 2012 May 16 |
| **Account Number** | |
| **Dollar Amount** | $ 1,268.10 |
| **Check/Serial Number** | |
| **Routing Transit Number** | |
| **Posting Sequence Number** | |
| **Paper Sequence Number** | |
| **Capture Bank Number** | 1 |



PNC BANK
OFFICIAL CHECK
PNC Bank, National Association
2730 Liberty Avenue
Pittsburgh, PA 15222
No. 3710436
DATE: 06/23/2017
Other - 24-03003-0000-0002
7958
8-9/430
Pay forty seven thousand eight hundred sixty one dollars and eighty two cents $47,861.82
To The Order Of
Township of Morristown
200 South St. 2ND FL
Morristown, NJ 07960
Authorized Signature

PITTSUP (7/09) LOT 11

| | |
|---|---|
| **Posting Date** | 2017 Jul 03 |
| **Account Number** | |
| **Dollar Amount** | $ 47,861.82 |
| **Check/Serial Number** | |
| **Routing Transit Number** | |
| **Posting Sequence Number** | |
| **Paper Sequence Number** | |
| **Capture Bank Number** | 1 |
| **Posting** | |



# EXHIBIT B

**Fill in this information to identify your case:**

Debtor 1 **Mable Doris Blackmon**
First Name Middle Name Last Name

Debtor 2
(Spouse if, filing) First Name Middle Name Last Name

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY

Case number
(if known)

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

## Part 1: List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** | *Column C* **Unsecured portion** If any |
|---|---|---|---|
| 2.1 PNC Bank | $105,140.32 | $190,247.00 | $0.00 |
| 2.2 PNC Bank | $27,726.55 | $190,247.00 | $0.00 |

**2.1 PNC Bank**
Creditor's Name

**2730 Liberty Avenue**
**Pittsburgh, PA 15222**
Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**
**33 Lake Road Morristown, NJ 07960 Morris County**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset) **Second Mortgage**

**Date debt was incurred** **February 27, 2003**

**Last 4 digits of account number** **7958**

**2.2 PNC Bank**
Creditor's Name

**2730 Liberty Avenue**
**Pittsburgh, PA 15222**
Number, Street, City, State & Zip Code

**Describe the property that secures the claim:**
**33 Lake Road Morristown, NJ 07960 Morris County**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset) **First Mortgage**

**Date debt was incurred**

**Last 4 digits of account number** **6529**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No. Go to line 7.
■ Yes List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **PNC Bank**<br>**2730 Liberty Avenue**<br>**Pittsburgh, PA 15222** | **12/01/2017**<br>**01/01/2018**<br>**02/01/2018** | **$717.00** | **$105,140.32** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>■ Other **Line of Credit** |
| **PNC Bank**<br>**2730 Liberty Avenue**<br>**Pittsburgh, PA** | **12/01/2017**<br>**01/01/2018**<br>**02/01/2018** | **$1,488.00** | **$25,587.80** | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other__ |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

**Part 4: Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com Best Case Bankruptcy