STEVEN ROBERT LEHR, P.C.
Mark J. Scancarella, Esq. – MJS6298
33 Clinton Road, Suite 100
West Caldwell, New Jersey 07006
(973) 575-8002
Attorneys for Debtor

| | | |
|---|---|---|
| **In re** | **:** | **UNITED STATES BANKRUPTCY COURT** |
| **Mable Doris Blackmon,** | **:** | **CHAPTER 13** |
| | **:** | **CASE NO: 18-13725RG** |
| | **:** | |
| | **:** | |
| **Debtor.** | **:** | |
| | **:** | |

### RESPONSE TO CHAPTER 13 TRUSTEE'S OBJECTION TO MOTION TO REINSTATE DEBTOR'S BANKRUPTCY CASE

1.   Upon the confirmation of the Debtor's Chapter 13 Plan on September 6, 2019, the Debtor had been working with a mortgage lender, Home Bridge Financial, to refinance her mortgage in her continuing effort to retain ownership and occupancy of  her home. Numerous calls and e-mails were sent by counsel to the Debtor to the lender after the initial contact and documentation request, but no response was received for an extensive period of time.

2.   Once the lender finally responded to our inquiries, Debtor complied with its requests to get all the information/documentation needed in order to have the refinance approved. The Debtor and this firm took every step necessary to comply with all requirements of the refinancing lender.

3.   As the Debtor was continually led to believe by the lender that a refinance would be possible, Debtor did not list her home for sale by the February 1, 2020 deadline as set forth in the September 6, 2019 Order, as she fully intended to make every effort to refinance and retain ownership and occupancy of her home (in which she has lived for many years).

4.   After a prolonged period of time,  this potential lender informed the Debtor that they could not refinance the property. By this point, January 27, 2020, it was too late to obtain a listing agreement by the February 1, 2020 deadline as set forth in the September 6, 2019 Order.

5.   This necessitated the Debtor to file another modification to the Chapter 13 Plan requesting that the Trustee extend the time for the sale of property until October 31, 2020.

6.   Debtor has been working diligently to make sure her payments are being made to comply with the lender's requests and continues to pursue other avenues to refinance her property.

7.   Should the Debtor not be approved by a lender, she will have to list her property for sale and will do so as ordered in the September 6, 2019 Order. Debtor asks that her petition be reinstated so that she may obtain additional time to find a lender to refinance her property, or in the alternative, sell the property.  There is sufficient equity in this real estate where a new mortgage should not be so difficult to obtain.

8.   The Fair Market Value of the Property is approximately $360,000.00, and the outstanding mortgage and Home Equity loan balances are approximately $120,000.00. The equity retained and preserved is approximately $240,000.00.

9.   Based upon the foregoing, it is respectfully submitted that the Court deny the Trustee's objection and reinstate the debtor's Chapter 13 case in order to allow the debtor to fulfil her Chapter 13 Plan.  The Plan is a 100% Plan; no creditors will be prejudiced or damaged in this instance.  The proposed Chapter 13 Plan will allow Debtor to make payments to creditors and retain ownership and occupancy of her home.

I certify that the foregoing statements made by me are true to the best of my knowledge and belief.  I recognize that if any statement made by me were to be willfully false, I would be subject to punishment.

*/s/ Mark J. Scancarella*
Mark J. Scancarella, Esq.

Dated:  May 1, 2020